THE STATE OF OHIO, APPELLANT, *v.* NUCKLOS, APPELLEE.

[Cite as *State v. Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792.]

(No. 2007–0754—Submitted March 11, 2008—Decided March 4, 2009.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} R.C. 2925.03(B)(1) provides that the criminal offense of trafficking in drugs under R.C. 2925.03(A) "does not apply" to a licensed health professional who complies with applicable statutory or regulatory requirements. In this appeal, we are asked to decide whether regulatory compliance is an affirmative defense to trafficking in drugs that the accused must establish, or whether noncompliance is an element of the offense of trafficking in drugs that the state must prove beyond a reasonable doubt. For the reasons that follow, we hold that a licensed health professional's noncompliance with statutory or regulatory requirements is an element of trafficking in drugs that the state must prove beyond a reasonable doubt. Therefore, we affirm the judgment of the court of appeals.

## II. Facts and Procedural History

{¶ 2} In 2004, a Clark County grand jury indicted Dr. William Nucklos on ten counts of drug trafficking and ten counts of illegal processing of drug documents. The indictment alleged that Dr. Nucklos, in violation of R.C. 2925.03, prescribed painkilling drugs to his patients when his conduct was not in accordance with R.C. Chapters 3719, 4729, and 4721. The case proceeded to a jury trial, resulting in a verdict of guilty on all counts. For purposes of sentencing, the trial court found that the two types of offenses merged, and the state elected to proceed to sentencing only on the convictions for drug trafficking. The trial court sentenced Dr. Nucklos to two years on each count, which resulted in an aggregate sentence of 20 years.

{¶ 3} On appeal, the Second District Court of Appeals sustained two distinct assignments of error. One involved the trial court's instruction to the jury on whether the licensed-health-professional exception is an affirmative defense, and the other involved the trial court's admission of "other acts" evidence under Evid.R. 404. The court of appeals reversed the trial court's judgment and remanded the case for further proceedings because it found that the trial court erred when it instructed the jury that the licensed-health-professional exception in R.C. 2925.03(B)(1) was an affirmative defense.

{¶ 4} The state appealed to this court, and we accepted jurisdiction only on the state's first proposition of law, pertaining to the affirmative defense. 114 Ohio St.3d 1507, 2007-Ohio-4285, 872 N.E.2d 949. We denied a motion to reconsider the state's second proposition of law. 115 Ohio St.3d 1445, 2007-Ohio-5567, 875 N.E.2d 104. Therefore, in this appeal, we consider only whether the licensed-health-professional exception to a drug-trafficking offense under R.C. 2925.03(B)(1) is an affirmative defense or whether the state bears the burden of proving the inapplicability of the exception in order to convict a licensed health professional of drug trafficking.

## III. Analysis

{¶ 5} The state argues that R.C. 2925.03(B)(1) defines an affirmative defense that requires a licensed health professional to prove statutory and regulatory compliance in order to avoid criminal prosecution for trafficking in drugs. Although we have previously held that a physician may be convicted of drug trafficking in *State v. Sway* (1984), 15 Ohio St.3d 112, 15 OBR 265, 472 N.E.2d 1065,[1] we have never addressed who bears the burden of proving a licensed health professional's statutory or regulatory compliance.

---

1. In *Sway*, a physician "prescribed" controlled substances to a woman in return for sex. *Sway*, 15 Ohio St.3d 112, 113, 15 OBR 265, 472 N.E.2d 1065. The state charged the physician with trafficking

{¶ 6} In a criminal case, the state must prove that the accused engaged in "a voluntary act, or an omission to perform an act or duty that the person is capable of performing," with the "requisite degree of culpability" for each element of the alleged offense in order to obtain a conviction. R.C. 2901.21(A). "The state has the burden of establishing all material elements of a crime by proof beyond a reasonable doubt." *State v. Manley* (1994), 71 Ohio St.3d 342, 346, 643 N.E.2d 1107, citing *Mullaney v. Wilbur* (1975), 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508; *State v. Adams* (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169, 404 N.E.2d 144. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary* to constitute the crime with which [the accused] is charged." (Emphasis added.) *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368.

{¶ 7} In contrast, "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." R.C. 2901.05(A). An affirmative defense is defined as either "[a] defense expressly designated as affirmative," R.C. 2901.05(D)(1)(a), or "[a] defense involving an *excuse* or *justification peculiarly* within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." (Emphasis added.) R.C. 2901.05(D)(1)(b).

### A. R.C. 2925.03

{¶ 8} Ohio's drug-trafficking statute, R.C. 2925.03, provides as follows:

{¶ 9} "(A) No person shall knowingly do any of the following:

{¶ 10} "(1) Sell or offer to sell a controlled substance;

{¶ 11} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

---

in drugs pursuant to R.C. 2925.03(A). The physician argued that he could not be charged with drug trafficking, reasoning that statutes and regulations such as those found under R.C. 3719.06 are sufficient to cover a physician who illegally prescribes drugs. Recognizing that it is possible for a physician to be charged with drug trafficking pursuant to R.C. 2925.03(B)(1), we determined that R.C. 2925.03(A) was intended to impose criminal liability on physicians who fail to comply with statutory or regulatory requirements for administering a controlled substance. *Sway* at 114, 15 OBR 265, 472 N.E.2d 1065. We found that Sway's actions of prescribing drugs in return for sex made it "patently clear" that he "departed from the minimal standards of his profession when he unlawfully prescribed the illicit drugs in question." Id. Thus, we ultimately held that "[a] physician who unlawfully issues a prescription for a controlled substance not in the course of the bona fide treatment of a patient is guilty of selling a controlled substance in violation of R.C. 2925.03." *Sway* at syllabus. The burden of proving the physician's compliance was not an issue in that case.

{¶ 12} "(B) *This section does not apply to any of the following*:

{¶ 13} "(1) Manufacturers, *licensed health professionals authorized to pre-scribe drugs,* pharmacists, owners of pharmacies, and other persons *whose conduct is in accordance with Chapters 3719., 4715., 4723., 4729., 4730., 4731., and 4741. of the Revised Code* \* \* \*." (Emphasis added.)

{¶ 14} R.C. 2925.03(B)(1) does not expressly state that it is an affirmative defense. Therefore, we begin our analysis by considering whether R.C. 2925.03(B)(1) falls within the definition of an affirmative defense in R.C. 2901.05(D)(1)(b).

1. *Evidence of Statutory Regulatory Compliance Is Not Peculiarly within the Knowledge of the Accused*

{¶ 15} In the instant case, the issue is whether Dr. Nucklos complied with certain regulations that define the standard of care for prescribing controlled drugs to patients who have chronic pain.

{¶ 16} R.C. 4731.052(B) provides that the state medical board shall adopt rules that establish standards and procedures to be followed by physicians regarding the treatment of intractable pain, including standards for prescribing dangerous drugs. One of those rules is Ohio Adm.Code 4731–21–02, which defines the standard of care for prescribing prescription drugs to patients who have intracta-ble pain. In regulating treatment of such patients, Ohio Adm.Code 4731–21–02 requires a physician to extensively document a patient's evaluation, diagnosis, and individualized treatment plan. Therefore, compliance or noncompliance with Ohio Adm.Code 4731–21–02 can be established by proper documentation, or lack thereof. Accordingly, compliance is not peculiarly within the knowledge of the accused.

{¶ 17} Our conclusion is consistent with the state's prosecution of this case as shown by the state's offer of expert testimony that there were insufficient records from which to conclude that Nucklos met the standard of care in prescribing the controlled substances to his patients.

2. *R.C. 2925.03(B)(1) Does Not Provide an Excuse or Justification*

{¶ 18} Had the General Assembly intended R.C. 2925.03(B)(1) to be an affirmative defense as defined in R.C. 2901.05(D)(1), it could have stated that a licensed health professional who complies with applicable regulations is *excused* from criminal liability for trafficking in drugs, or is *justified* in distributing a controlled substances. However, it did not use either of these terms. Instead, R.C. 2925.03(B)(1) states that the offense of trafficking in drugs "does not apply" to licensed health professionals who comply with applicable statutes or regula-tions.

{¶ 19} Physicians legally and legitimately prescribe drugs to treat their patents on a daily basis. To accept the state's argument that R.C. 2925.03(B)(1) is an affirmative defense would place an unreasonable burden upon *all* doctors who prescribe drugs to prove compliance with statutes or regulations to avoid criminal liability for merely practicing medicine. We do not believe that the General Assembly intended to criminalize legitimate medical treatment. Rather, we believe that the General Assembly consciously avoided such an absurd result by stating that trafficking in drugs "does not apply" to licensed health professionals who comply with applicable statutory or regulatory requirements. Thus, R.C. 2925.03(B)(1) differs from the language used in R.C. 2901.05(D)(1)(b), which provides that an affirmative defense provides an "excuse" or "justification" to criminal liability.

{¶ 20} Accordingly, we hold that proving a health professional's compliance with statutes or regulations does not fall within the definition of an affirmative defense in R.C. 2901.05(D)(2) because it is not an excuse or justification, and proof of compliance is not peculiarly within the knowledge of the accused.

### B. A Licensed Health Professional's Noncompliance Is an Element of Drug Trafficking

{¶ 21} The state cannot convict a licensed health professional of trafficking in drugs under R.C. 2925.03(A) *unless* the licensed health professional has failed to comply with applicable statutory or regulatory requirements. R.C. 2925.03(B)(1). Proving noncompliance is therefore necessary to prove the offense of drug trafficking when a licensed health professional is charged. See *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368. Accordingly, we hold that a licensed health professional's failure to comply with statutory or regulatory requirements is an element of the offense of drug trafficking that the state must prove beyond a reasonable doubt.

### IV. Conclusion

{¶ 22} R.C. 2925.03(B)(1) excludes licensed health professionals from being subject to drug-trafficking charges, and the burden of proving the inapplicability of this exclusion rests upon the state. Therefore, to convict a licensed health professional of trafficking in drugs under R.C. 2925.03(A), the state bears the burden of proving beyond a reasonable doubt the inapplicability of the licensed-health-professional exception in R.C. 2925.03(B)(1) by submitting evidence that the licensed health professional violated statutes or regulations that define the standard of care for dispensing controlled substances.

{¶ 23} In the instant case, the court of appeals reversed and remanded Nucklos's convictions, finding that the trial court erred when it instructed the

jury that the licensed-health-professional exception under R.C. 2925.03(B)(1) was an affirmative defense. Because we hold that the state has the burden of proving the inapplicability of the licensed-health-professional exception in R.C. 2925.03(B)(1) beyond a reasonable doubt, we affirm the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

---

Richard Cordray, Attorney General, William Marshall, Solicitor General, Elise Porter, Deputy Solicitor, and Daniel Fausey, Assistant Solicitor; and Stephen Schumaker, Clark County Prosecuting Attorney, for appellant.

Zukerman, Daiker & Lear Co., L.P.A., and Larry W. Zukerman; and Campbell Miller Zimmerman, P.C., and John P. Flannery II, for appellee.