[Cite as *State v. Troisi*, 2021-Ohio-2678.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellant, :

Nos. 109871, 109874,
109875, and 109876

    v. :

JON TROISI, ET AL., :

    Defendants-Appellees. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** August 5, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-643493-B, CR-19-643493-C, CR-19-643493-A, CR-19-643493-D

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Katherine E. Mullin, and Daniel T. Van, Assistant Prosecuting Attorneys, *for appellant.*

Thompson Hine, L.L.P., John R. Mitchell, and Jada M. Colon, *for appellee* Jon Troisi.

Synenberg & Associates, L.L.C., Roger M. Synenberg, and Matthew A. Kurz, *for appellee* Nicholas Troisi.

Taft, Stettinius & Hollister, L.L.P., Charles A. Bowers, Kathryn S. Wallrabenstein, and David H. Thomas, *for appellees* Andrew Steck and Martek Pharmacal Company.

SEAN C. GALLAGHER, P.J.:

{¶ 1}   The state, under R.C. 2945.67(A), appeals as a matter of right the dismissal of the drug-trafficking charges against Jon Troisi, Nicholas Troisi, Andrew Steck, and Martek Pharmacal Company (collectively "defendants").   For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2}   The defendants were indicted on seven counts of drug trafficking based on aggregating bulk amounts of varying concentrations per dosage of Adipex Phentermine, Phendimetrazine, and Diethylpropion (collectively "drugs") under R.C. 2925.03(A)(1) and (2).   Under those statutory provisions, no person shall knowingly sell or offer to sell; or prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance despite knowing (or having cause to believe) that the controlled substance is intended for sale or resale. *Id.*  The drugs are a controlled substance.  The concentration level determines the drugs' classification as a schedule III, IV, or V drug.  Although R.C. 2925.03 applies to all persons in Ohio, R.C. 2925.03(B)(1) expressly exempts, in pertinent part, any manufacturer, licensed health professionals authorized to prescribe drugs, pharmacists, owners of pharmacies and any "other persons whose conduct is in accordance with" R.C. Chapter 4729 from prosecution under R.C. 2925.03. According to the indictment, the defendants violated R.C. 2925.03 by selling bulk amounts of the drugs "not in accordance with Chapter 4729 of the Ohio Revised

Code." Thus, if a defendant is acting in accordance with R.C. Chapter 4729, the state must disprove that as a predicate to demonstrating a violation of R.C. 2925.03(A).

{¶ 3} The drugs, primarily used for weight loss, can be prescribed or furnished only by authorized licensed health professionals. "Licensed health professional authorized to prescribe drugs" or "prescriber" is defined as "an individual who is authorized by law to prescribe drugs or dangerous drugs or drug therapy related devices in the course of the individual's professional practice." R.C. 4729.01(I). The exhaustive list of "prescribers" is limited to dentists, clinical nurse specialists, certified nurse-midwives, and certified nurse practitioners with valid licenses to practice nursing as an advanced practice registered nurse, licensed certified registered nurse anesthetists with exceptions, optometrists, physicians, physician assistants with a valid prescriber number and who have been granted physician-delegated prescriptive authority, or veterinarians. *Id.* Under R.C. 4729.291(C)(1)(a), an authorized prescriber is limited to furnishing 2,500 dosage units of any controlled substance in any 30-day period.

{¶ 4} Martek is alleged to be a pharmaceutical wholesaler with a focus on obesity treatments. Steck owns Martek, and the Troisis are employees of the corporate entity. It is undisputed that the defendants are not "licensed health professionals authorized to prescribe drugs" or "prescribers," but are wholesalers, meaning the defendants sell controlled substances to purchasers "in which the purpose of the purchaser is to resell the article purchased or received by the

purchaser." R.C. 4729.01(K). Martek conducts business nationwide and claims to be a properly licensed distributor of drugs in Ohio.

{¶ 5} The state theorizes that defendants violated R.C. 2925.03 by "abdicating their affirmative duties outlined in Chapter 4729 and the Ohio Administrative Code" through the act of selling thousands of dosages monthly to each of five local medical doctors who were lawfully allowed to furnish only 2,500 dosages per any 30-day period. According to the state, the defendants failed to report the purchasers' activity and instead sold dosages in excess of what the purchasers could lawfully furnish to patients, thereby relinquishing the protection from prosecution under R.C. 2925.03(B).

{¶ 6} Upon the defendants' motion, the trial court dismissed each count of the indictment with prejudice, concluding that the state failed to specifically identify the particular statutory section that the defendants violated by furnishing the large quantity of drugs to an individual prescriber, a quantity well beyond what they could lawfully furnish under R.C. Chapter 4729. According to the trial court, the state is required to include the specific provisions of R.C. Chapter 4729, which serve as the predicate element of the R.C. 2925.03(A) offense, in the indictment or the bill of particulars in order to satisfy constitutional due process protections.

{¶ 7} Despite this assertion, Ohio courts have held otherwise. "The state is entitled to state a count in the indictment in bare statutory language." *State v. Armengau*, 2017-Ohio-4452, 93 N.E.3d 284, ¶ 55 (10th Dist.), citing Crim.R. 7(B). If clarity is sought, the defendant may seek a bill of particulars "'setting up

specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense[,]'" the purpose of which is to "elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *Id.*, quoting *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). The state is not required to provide the specific statutory sections in the bill of particulars, but instead is required to provide the specific conduct alleged to have constituted the offense from which the charges stem.

{¶ 8} In this case, the state provided each defendant with full access to discovery materials and provided specific dates and conduct alleged to have violated R.C. 2925.03(A)(1) and (2), including the conduct that satisfied the predicate element of the offense under R.C. 2925.03(B). Thus, the defendants' sole complaint is that the state failed to provide a detailed dissection of their noncompliance with R.C. Chapter 4729, the predicate element of the drug-trafficking offense, either in advance of trial or in the complaint. Upon that argument, the trial court granted their motion to dismiss, dismissing the action with prejudice.[1]

---

[1] In light of our conclusion as to the error in dismissing the action, we need not consider the state's secondary argument that the trial court erred by dismissing the case with prejudice. We are compelled to note, however, that Crim.R. 48(B) does not provide for a dismissal with prejudice upon the arguments presented by the defendants in this case. *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 5-6, quoting *Fairview Park v. Fleming*, 8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714 (Dec. 7, 2000), *State v. Dixon*, 14 Ohio App.3d 396, 471 N.E.2d 864 (8th Dist.1984); and *State v. Sutton*, 64 Ohio App.2d 105, 411 N.E.2d 818 (9th Dist.1979). Although a trial court has the inherent power to dismiss with prejudice, that arises "only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." *Id.* The quintessential case for dismissing an indictment with prejudice is based on speedy-trial or double-jeopardy concerns — a constitutional violation that precludes future prosecution — neither of

{¶ 9} The decision to dismiss an indictment is reviewed de novo. *State v. Wynn*, 8th Dist. Cuyahoga No. 103824, 2017-Ohio-4062, ¶ 16. A de novo review requires an independent review, without any deference to the trial court's determination. *Id.* "When a defendant moves to dismiss an indictment, the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried." *State v. Hitsman*, 9th Dist. Medina No. 18CA0015-M, 2018-Ohio-5315, ¶ 15, citing *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 22, and *State v. Brady*, 199 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 18. "'If the allegations contained in the indictment constitute offenses under Ohio criminal law, it is premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges, and thus, a motion to dismiss must be denied.'" *State v. Swanson*, 11th Dist. Ashtabula No. 2015-A-0006, 2015-Ohio-4027, ¶ 17, quoting *State v. Kolat*, 11th Dist. Lake No. 2001-L-117, 2002-Ohio-4699, ¶ 16, and *State v. Medinger*, 11th Dist. Portage No. 2011-P-0046, 2012-Ohio-982, ¶ 11. Thus, "a motion to dismiss based on a defect in the indictment 'must not entail a determination of the sufficiency of the evidence to support the indictment'"; the earliest point that such concerns can be raised is at the conclusion of the state's case

---

which is relevant herein. *Sutton* at 108. Under Crim.R. 7(B), the state is entitled to assert offenses in the indictment in the bare statutory language. That procedure violates no constitutional safeguards, and any failure of specificity is not grounds to declare a constitutional preclusion to retrial.

in chief through a properly supported Crim.R. 29 motion. *Id.*, citing *Kolat* and *State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶ 14.

{¶ 10} The allegations in this case constitute an offense under Ohio law. Under R.C. 2925.03(A)(1) and (2), it is a criminal offense to knowingly sell or offer to sell controlled substances or to knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute controlled substances. There is no dispute that the drugs at issue are controlled substances that fall under the ambit of R.C. 2925.03(A) in general. Further, there is no dispute that R.C. 2925.03 applies to the defendants. No person or organization is immune from being charged with drug trafficking after causing controlled substances to be distributed throughout the state regardless of their status under the controlled-substance laws. The issue generally advanced by the defendants is that the state will be unable to demonstrate the inapplicability of R.C. Chapter 4729, which controls and regulates the sale and distribution of controlled substances in Ohio and is the predicate element to the drug-trafficking charges against the defendants in this case.

{¶ 11} Under R.C. 2925.03(B)(1), the drug-trafficking section is inapplicable to licensed health professionals or any other person whose conduct is in accordance with R.C. Chapters 3719, 4715, 4723, 4729, 4730, 4731, and 4741. The burden of proving the inapplicability of this exclusion falls on the state. In order to convict a wholesaler of controlled substances of trafficking under R.C. 2925.03(A), "the state bears the burden of proving beyond a reasonable doubt the inapplicability of the licensed-health-professional exception in R.C. 2925.03(B)(1) by submitting

evidence that the licensed health professional violated statutes or regulations that define the standard of care for dispensing controlled substances." *State v. Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792, 904 N.E.2d 512, ¶ 22. Thus, R.C. 2925.03(B) is a predicate element to proving a violation of the drug-trafficking laws against a certain class of persons. That burden arises at trial, not during the pretrial stages of the proceedings. *Swanson* at ¶ 22 (by dismissing an indictment during pretrial states "of the proceedings, the trial court violated the express language of Criminal Rule 12 and usurped the jury's prerogative of determining the general issues for trial."); *Hitsman*. The defendants have cited no authority requiring the state to provide specific details or evidence in support of its theory to prove a violation of R.C. 2925.03. App.R. 16(A)(7).

{¶ 12} There is no dispute that the indictment recites the language of R.C. 2925.03(A)-(B). Generally, that is sufficient to survive a motion to dismiss a criminal indictment. *State v. Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, 980 N.E.2d 1032, ¶ 13, quoting *State v. Childs*, 88 Ohio St.3d 558, 565, 728 N.E.2d 379 (2000), and *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Further, an indictment that tracks statutory language "is not defective for failing to identify the elements of a predicate offense." *Id.*, citing *State v. Murphy,* 65 Ohio St.3d 554, 583, 605 N.E.2d 884 (1992). And even if the state failed to include the numerical designation of the applicable statutory section, that is not a basis to dismiss the indictment unless the defendants can demonstrate that they were prejudicially misled by the omission. Crim.R. 7(B). Similar to a charging

document alleging a crime that contains a predicate offense, the exception to application of the drug-trafficking statute under R.C. 2925.03(B) must be alleged in general terms and proven at trial, but there is no constitutional mandate that the state present the specific provisions implicated by the predicate element under R.C. 2925.03(B) within the indictment itself. *Jackson* at ¶ 14.

{¶ 13} The defendants claim that R.C. 2925.03 is not applicable to them because they are or work for a controlled-substance wholesaler, which is immune from prosecution for drug trafficking because R.C. Chapter 4729 provides no criminal penalties for violations of the civil regulatory provisions. According to the defendants, no provision of R.C. Chapter 4729 applies to them such that dismissal is appropriate because the "accused is not subject to the violations of law set forth in the indictment." Appellees' brief, p. 9, citing *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406. Under well-settled Ohio law, no person or entity is immune from prosecution for drug trafficking under R.C. 2925.03, even if that entity is licensed to sell or furnish controlled substances. All persons furnishing, selling, or distributing controlled substances in Ohio are subject to R.C. 2925.03. The primary question in these situations is whether the state can demonstrate, as a predicate element to the drug-trafficking offense, that the defendants' conduct was not in accordance with the statutory or regulatory provisions that authorize the defendants to distribute, sell, or furnish controlled substances in Ohio. This is not a case in which the statute proscribing the conduct does not apply to the particular defendant. *See, e.g., Palmer* (the new revisions creating the Adam Walsh Act and

the reporting requirements thereunder did not apply to the defendant who was convicted and sentenced under Megan's Law, and therefore, the indictment for violation of the Adam Walsh Act reporting requirements was appropriate).

{¶ 14} The defendants' challenge, therefore, is not actually against the indictment, which complies with Crim.R. 7(B) by reciting the precise statutory section under which the violation arose, but rather, the defendants are essentially asserting that the bill of particulars failed to provide the specific statutory or regulatory provisions that implicated R.C. 2925.03(B). We reach this conclusion because "an indictment serves to commence the criminal prosecution of a defendant by averring the essential elements of the indicted offense, while a bill of particulars serves to inform the defendant of the specific conduct alleged to constitute the indicted offense." *State v. Hall*, 8th Dist. Cuyahoga No. 90365, 2009-Ohio-461, ¶ 61. Thus, the indictment itself was in full compliance with Ohio due process requirements. "'An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."'" *Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, 980 N.E.2d 1032, at ¶ 13, quoting *Childs*, 88 Ohio St.3d 558, 565, 728 N.E.2d 379, and *Hamling*.

{¶ 15} An indictment, under Crim.R. 7(B), may simply provide a recitation of the particular statutory language implicated by the alleged criminal conduct and need not even provide the relevant statutory sections, but instead must simply put

the defendant on notice of the crime charged and the elements necessary to proving the crime. *Id.* Instead of challenging the indictment directly, the defendants claim that the bill of particulars failed to provide the express provision under R.C. Chapter 4729 divesting them of the exception to drug trafficking. The failure to provide specificity within the bill of particulars is generally not grounds for dismissal. In order to prevail on the lack of specificity in the bill of particulars, the defendant must show prejudice, "i.e., the lack of specificity prevented the defendant from adequately preparing or presenting a defense." *Hall* at ¶ 62, citing *State v. Lewis*, 85 Ohio App.3d 29, 619 N.E.2d 57 (3d Dist.1993), and *State v. O'Donnell*, 4th Dist. Scioto No. 00 CA2724, 2001 Ohio App. LEXIS 2297 (May 21, 2001). Until trial, it is purely speculation as to whether the defendants would be prejudiced by the alleged lack of specificity in the bill of particulars.

{¶ 16} The state provided discovery documentation that included the specific transactions underlying the criminal allegations, thereby providing a corresponding time frame and the alleged conduct underlying the indictment. As other courts have concluded, if the bill of particulars sets forth the date of the alleged offense, the general nature of the alleged conduct, and the applicable criminal statute, then it is sufficient to fulfill its intended purpose. *State v. Ericksen*, 7th Dist. Carroll No. 18 CA 0928, 2019-Ohio-3644, ¶ 13, citing *State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, ¶ 86-87. Further, when the bill of particulars satisfies the minimal threshold, the defendant's access to discovery

through Crim.R. 16(A) adequately provides the defendant with sufficient information to enable a constitutionally adequate defense. *Id.*

{¶ 17} While the state is not required to detail its specific theory of prosecution, the state provided guidance as to how it intended to prove the predicate element of drug trafficking in this case.[2] Specifically, among other claims, the state intended to demonstrate that the defendants failed to report the sales of the drugs to the Ohio Department of Pharmacy in contravention of the rules and regulations then in effect, which deprived the defendants of the protections under R.C. 2925.03(B)(1).

{¶ 18} Under Ohio Adm.Code 4729-37-03(C),[3] in effect during the date of the offenses but now superseded by a more specific reporting requirement, "[a]ll wholesalers licensed as a wholesale distributor of dangerous drugs that sell drugs

---

[2] The state's theory of how the defendant's conduct violated the law is generally an issue for trial. When reviewing an indictment, courts generally review the conduct underlying a pending prosecution, not the theories the state attaches to that conduct. *State v. Ross*, 2014-Ohio-2867, 15 N.E.3d 1213, ¶ 39 (9th Dist.), citing *State v. Raber*, 9th Dist. Wayne No. 13CA0020, 2014-Ohio-249, ¶ 14, and *State v. Knoble*, 9th Dist. Lorain No. 08CA009359, 2008-Ohio-5004, ¶ 12. For example, in order to violate an offender's right to due process, "the inconsistency 'must exist at the core' of the prosecutor's case." *State v. Lukacs*, 188 Ohio App.3d 597, 2010-Ohio-2364, 936 N.E.2d 506, ¶ 47 (1st Dist.), citing *United States v. Presbitero*, 569 F.3d 691, 702 (7th Cir.2009) (string citing decisions from finding due process violations where the government took fundamentally opposite positions at different trials involving the same crime).

[3] In the state's brief in opposition to the motion to dismiss the indictment, it was noted the reporting requirement existed during the time of the offenses, but was amended over the years. The state traced the reporting requirement to Ohio Adm.Code 4729-37-04(C), which provides "Wholesalers and pharmacies pursuant to paragraphs (C) and (D) of rule 4729-37-03 of the Administrative Code that sell drugs identified in rules 4729-37-02 and 4729-37-12 of the Administrative Code at wholesale must at least report the following information to the board of pharmacy in the format described in rule 4729-37-06 of the Administrative Code."

identified in rule 4729-37-02 of the Administrative Code at wholesale shall report those drug transactions."  That rule was promulgated under R.C. 4729.75 and 4729.78, and further provides that the wholesale of all schedule III, IV, and V controlled substances to prescribers or terminal distributors of dangerous drugs "shall be submitted to the board of pharmacy pursuant to sections 4729.77, 4729.78 and 4729.79 of the Revised Code."  The state intended to demonstrate at trial that the defendants failed to report the sales of the drugs to the board of pharmacy. Deviations of the statutory provisions or rules promulgated thereunder may be considered in determining whether an offender acted in accordance with R.C. Chapter 4729 under R.C. 2925.03(B).  *Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792, 904 N.E.2d 512, at ¶ 22.  Under Ohio law, the state may base the conviction of a licensed health professional for trafficking in drugs under R.C. 2925.03(A), including proving the inapplicability of the exception in R.C. 2925.03(B), "by submitting evidence that the licensed health professional *violated statutes or regulations* that define the standard of care for dispensing controlled substances." (Emphasis added.)  *Id.*  Although the state struggled with identifying the correct administrative code sections, the state's theory has largely remained the same throughout the pretrial proceedings.  According to the state, the identified regulatory sections all involved some form of reporting requirement to which the defendants failed to adhere.

{¶ 19} Based on *Nucklos*, we decline to apply *State v. Hutton*, 6th Dist. Lucas No. L-00-1285, 2002 Ohio App. LEXIS 753, 1 (Feb. 22, 2002), for the proposition

that the state may not rely on administrative regulations to prove the defendants' conduct was not in accordance with R.C. Chapter 4729. Regardless of the conclusion reached in *Hutton*, the Ohio Supreme Court has unambiguously declared that the state may seek to convict a health care professional for drug trafficking when the conduct is not in accordance with either a "rule or regulation." *Nucklos*. Even if we considered *Hutton* to be persuasive, its conclusion is contrary to binding precedent and cannot be followed.

{¶ 20} Likewise, we find *State v. Simms*, 4th Dist. Athens No. 01CA32, 2001-Ohio-2623, to be inapplicable for a similar proposition of law. In *Simms*, the state attempted to charge the defendant with a violation of R.C. 3791.04(A), a civil administrative statute. *Id.* at 2. The Fourth District concluded that the civil statutory provision did not criminalize the conduct, and therefore, any indictment solely alleging a violation of R.C. 3791.04 was defective. *Id.* That particular statutory section did not provide that the violation would constitute a felony or misdemeanor infraction under the criminal code. *Id.* at 4-5. *Simms* is therefore not applicable to the facts in this case. Here, the indictment is solely based on R.C. 2925.03(A), a felony-level offense.

{¶ 21} Beyond the regulatory aspect of the drug-trafficking violation, the state theorized that the defendants essentially conspired to violate R.C. 4729.291, which expressly limits the amount of dosages that any one prescriber can furnish to patients in a given 30-day period. Under that statutory section, a prescriber is limited to furnishing 2,500 dosages of any given controlled substance. During the

time period alleged in the complaint, according to the information the state provided the defendants during discovery, the defendants sold thousands of dosages to five prescribers monthly, amounts that could not be legally furnished to patients. On this point, the defendants maintain that R.C. 4729.291 did not expressly apply to wholesalers, but only proscribed conduct of those licensed to furnish drugs directly to patients. Although that is one interpretation, that argument goes to the heart of the triable issues and cannot be fully adjudicated before the state has presented all evidence to the trier of fact. The jury or the trial court in consideration of a properly framed Crim.R. 29 motion for acquittal is entitled to consider that conspiracy-based argument at the conclusion of the state's case.[4] As it stands, the state has presented allegations that constitute offenses under Ohio law, and the motion to dismiss was an inappropriate mechanism to seek early adjudication of trial issues.

{¶ 22} Even if we were to find that more specificity was required with respect to the bill of particulars and such a deficiency could be addressed in the motion to dismiss the indictment, the state provided the defendants the level of detail necessary to provide sufficient notice of the illegal conduct to be proven at trial. That

---

[4] Because the issues advanced by the defendants are potentially to be considered in a Crim.R. 29 motion for acquittal at the close of the state's case in chief, we refrain from entertaining consideration of the defendants' arguments further and expressly render no conclusions as to the viability of any argument with respect to the state's ability to prove that the defendants' conduct was not in conformity with R.C. Chapter 4729. At this stage, any such conclusion would be premature and we do not intend for this discussion to foreshadow the sufficiency of the state's case at trial should that become necessary. The defendants' arguments are only being considered here in the context of a motion to dismiss the indictment. Nothing precludes the defendants from including any of the arguments advanced in this appeal when appropriate as the proceeding continues.

there is a disagreement with the state's theory is not grounds to seek dismissal of an indictment. The Criminal Rules do not provide for a motion for summary judgment or other summary disposition based on the sufficiency of the potential evidence or the inadequacy of the state's theory of prosecution. *S. Euclid v. Turner*, 8th Dist. Cuyahoga No. 106642, 2018-Ohio-3798, ¶ 13, citing *State v. Kalman*, 2017-Ohio-7548, 84 N.E.3d 1088 (4th Dist.), and Katz & Giannelli, *Baldwin's Ohio Practice, Criminal Law,* Section 47:4 (3d Ed.). Whether the defendants' conduct was in accordance with R.C. Chapter 4729 and any regulation promulgated thereunder was not capable of determination without a trial on the general issue. The trial court's decision to dismiss the indictment with prejudice for the failure to provide more specificity with regard to the state's anticipated evidence and theory of prosecution was in error. Under Ohio law, the state need not include the specific statutory sections that constitute the predicate element of a criminal charge. *Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, 980 N.E.2d 1032, at ¶ 13. The defendants were provided with sufficient descriptions of the conduct alleged to have violated R.C. 2925.03. At the early stages of a criminal proceeding, that suffices. The decision dismissing the indictment is vacated and the matter remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN PART AND DISSENTS IN PART
WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 23} Respectfully, I concur in part and dissent in part. Although the majority does not address the state's second argument that the trial court erred in dismissing the case with prejudice, I concur with its conclusion in footnote 1 that Crim.R. 48(B) does not provide for a dismissal with prejudice upon the arguments presented by the defendants in this case. Thus, I would find that the trial court erred in dismissing the indictment with prejudice.

{¶ 24} I dissent, however, from the majority's conclusion that the trial court improperly dismissed the indictment in this case. The majority finds that the indictment was sufficient because it tracked the statutory language for drug trafficking under R.C. 2925.03(A), and the defendants were not "prejudicially misled" by the state's failure to specify the specific section under R.C. Chapter 4729 with which the defendants' conduct was allegedly "not in accordance." The majority concludes the defendants were not prejudiced by the omission because the state provided guidance through the bill of particulars and discovery as to how it intended

to prove at trial that the defendants' conduct was not in accordance with R.C. Chapter 4729. I disagree, and would find under the facts of this case that the state's failure to specify the specific statutory section of R.C. Chapter 4729 or administrative code section that the defendants allegedly violated was prejudicial because it prevented them from adequately preparing or presenting a defense at trial.

{¶ 25} The record reflects that the state has continually changed its theory regarding how the defendants' conduct was allegedly "not in accordance" with R.C. Chapter 4729. Initially, at the March 9, 2020 hearing regarding defendants' motion to compel, the state asserted that defendants' conduct was in violation of R.C. 4729.291, which provides that a prescriber may not prescribe over 2,500 pills of a controlled substance in a one-month period. The state's theory was that if prescribers cannot prescribe more than 2,500 pills of a substance per month, it must be illegal for wholesalers to sell more than that amount each month to the prescribers. At the June 22, 2020 hearing on defendants' motion to dismiss, the state abandoned that argument, however, conceding that R.C. 4729.291 does not apply to defendants because they are wholesalers of dangerous drugs, not prescribers.[5] The state then argued that Ohio Adm.Code 4729:6-3-05, regarding a

---

[5] I therefore disagree with the majority's conclusion that the applicability of R.C. 4729.291 to the defendants "goes to the heart of the triable issues and cannot be fully adjudicated before the state has presented all evidence to the trier of fact." The prosecutor explicitly conceded at the June 22, 2020 hearing that the statute does not apply to the defendants. There is no triable issue regarding the application of R.C. 4729.291 to the defendants because the state has conceded it does not apply.

distributor's duty to monitor and report orders of unusual size to the Ohio Pharmacy Board, applied to defendants. This rule went into effect April 30, 2019, however, and thus cannot be applicable to defendants' conduct, which is alleged to have occurred from 2013 to 2017. Consequently, in its post-hearing brief, the state cited other regulations and code sections that are allegedly applicable to demonstrate that defendants' conduct is not in accordance with R.C. Chapter 4729.

{¶ 26} So what code section of R.C. Chapter 4729 or administrative code regulation promulgated pursuant to that chapter applies to this case? Did the defendants' conduct involve overselling, as the state first alleged, or under-reporting, as it now contends? Will the state's theory of the defendants' alleged noncompliance with R.C. Chapter 4729 change yet again before the case goes to trial? The function of an indictment is to give adequate notice to the defendant of what he is being charged with and a fair chance to defend. *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985). How can the defendants in this case prepare and defend when the specific statute under R.C. Chapter 4729 or regulation promulgated thereto is not specified in the indictment, and the state's theory as to which code section or statute they allegedly violated keeps changing?

{¶ 27} But perhaps even more importantly, has the state's theory about defendants' alleged wrongdoing changed since it asked the grand jury for an indictment? "[A] defendant has an inalienable right to be tried on the same essential facts on which the grand jury found probable cause." *State v. Parra*, 8th Dist. Cuyahoga No. 95619, 2011-Ohio-3977, ¶ 38, citing *State v. Vitale*, 96 Ohio App.3d

695, 645 N.E.2d (8th Dist.1994). Under the state's ever-evolving theory of the case, it is not clear that the facts now relied upon by the state to support the defendants' alleged violation of R.C. Chapter 4729 were those presented to the grand jury to obtain the indictment.

{¶ 28} The state argues, and the majority agrees, that the state provided ample guidance as to its theory of the prosecution because the state provided each defendant with access to discovery materials that included the specific transactions underlying the criminal charges. But a defendant should not have to comb through the state's files to ascertain the theory of the state's case in order to determine what defense he needs to prepare, especially when the state's theory of the case keeps changing. This is particularly true in this case where the defendants asked for a more specific bill of particulars, but the state's response merely repeated the indictment, without giving any specific information as to dates and alleged offenses pertaining to each defendant other than the three-year time span already set forth in the indictment, or the statutory section or administrative code regulation the defendants allegedly violated.

{¶ 29} The majority concludes that "[u]ntil trial, it is purely speculation as to whether the defendants would be prejudiced by the alleged lack of specificity in the bill of particulars." I wholly disagree. It is not speculative to conclude that the defendants are prejudiced in their ability to prepare for trial or present their defense when the state continues to change its theory as to how the defendants' conduct was allegedly "not in accordance" with R.C. Chapter 4729.

{¶ 30} And although the state provided the defendants with documentation detailing the specific transactions that the state claims violated Ohio's drug-trafficking statutes, information about the dates and times of defendants' conduct does nothing to advise how that conduct allegedly violated R.C. Chapter 4729. The defendants should not be expected to defend against an entire chapter of the Revised Code and all of the administrative code regulations promulgated thereto. The state presumably knows what code section or regulation it presented to the grand jury as evidence of the defendants' alleged violation of R.C. Chapter 4729, but it did not provide that information in a "to wit" clause in the indictment, and when given an opportunity to provide the information in a more specific bill of particulars, it again did not do so. The only logical question is "why not"? The idea, as posited by the majority, that a defendant facing a felony charge may be denied the ability to defend against the specific allegations against him because the state complied with some other procedural burden (here, discovery) cannot be squared with the Ohio Constitution's guarantee of due process.

{¶ 31} The majority concedes that the state "struggled with identifying the correct administrative code sections" the defendants' conduct allegedly violated, but finds that the defendants' conduct was not in accordance with R.C. Chapter 4729 because it allegedly violated Ohio Adm.Code 4729-37-03(C). The majority then concludes that in light of this regulation, the state intended to demonstrate at trial that the defendants failed to report the drug sales to Ohio's Board of Pharmacy. But the regulation cited by the majority is never mentioned in the state's appellate brief,

nor in any of its trial court filings, so it is impossible to know what the state intended to demonstrate at trial with respect to this regulation.

{¶ 32} Due process requires that the state give a criminal defendant fair notice of the charges against him to permit adequate preparation of his defense for trial. Although the state is entitled to state a count in an indictment in bare statutory language, I find that under the circumstances of this case, the defendants were prejudicially misled by the state's failure to set forth in either the indictment or an adequate bill of particulars the applicable statutory section in R.C. Chapter 4729 or Ohio Administrative Code regulation with which the defendants' conduct was allegedly "not in accordance."

{¶ 33} Accordingly, I dissent from the majority's decision reversing the trial court's dismissal of the indictment.