[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Troisi*, Slip Opinion No. 2022-Ohio-3582.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3582

THE STATE OF OHIO, APPELLEE, *v.* TROISI ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Troisi*, Slip Opinion No. 2022-Ohio-3582.]

*Criminal law—Drug trafficking—R.C. 2925.03—R.C. Chapter 4729—Due Process Clauses of the Ohio and United States Constitutions—Due process requires that wholesale distributors of dangerous drugs charged with drug trafficking under R.C. 2925.03 for acting "not in accordance with R.C. Chapter 4729" be given notice in the indictment or by subsequent elucidation of the specific violation of R.C. Chapter 4729 that makes the wholesale distributor susceptible to indictment on charges of drug trafficking—Court of appeals' judgment reversed and causes remanded to the trial court.*

(No. 2021-1182—Submitted June 16, 2022—Decided October 11, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County,

Case Nos. 109871, 109874, 109875, and 109876, 2021-Ohio-2678.

_____

**KENNEDY, J.**

{¶ 1} In this discretionary appeal from a judgment of the Eighth District Court of Appeals, we are asked to determine what constitutes adequate notice to inform a wholesale distributor of the charges brought against it under Ohio's drug-trafficking laws. Wholesale distributors are protected from prosecution for drug trafficking as long as they comply with the requirements of several chapters of the Revised Code, including R.C. Chapter 4729. R.C. 2925.03(B)(1). Here, we are asked to determine whether the state must provide a wholesale distributor charged with drug trafficking under R.C. 2925.03(A)(1) and (2) notice of the specific violation of R.C. Chapter 4729 that makes it susceptible to indictment on charges for drug trafficking. We hold that under the Due Process Clauses of the Ohio and United States Constitutions, the state must identify in an indictment, or by subsequently elucidating the indictment, the specific violation of R.C. Chapter 4729 that makes the accused susceptible to prosecution under R.C. 2925.03(A). The state's failure to do so in these cases led the trial court to properly dismiss the indictment. We hold, however, that the trial court erred when it dismissed the indictment with prejudice. Because the Eighth District reversed the trial court's holding on the adequacy of the notice, we reverse the court of appeals' judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The indictment

{¶ 2} Appellants are Martek Pharmacal Company, a wholesale distributor of prescription weight-loss drugs; its owner, Andrew Steck; and two of its employees, Jon Troisi and Nicholas Troisi. It is undisputed that Martek conducts business with pharmacies and physicians nationwide and that it does not sell its weight-loss medications directly to any patient or consumer. At all relevant times, Martek was a properly licensed wholesale distributor in Ohio. *See* R.C. 4729.01(O). As agents or employees of Martek, the remaining appellants were also considered wholesale distributors under the statutory scheme.

2

{¶ 3} In September 2019, in a seven-count indictment, appellee, the state of Ohio, charged appellants with drug trafficking from February 1, 2014, to February 28, 2017. Five counts alleged violations of R.C. 2925.03(A)(1), which prohibits any person from knowingly selling or offering to sell a controlled substance. Those counts involved the sale of Adipex Phentermine 37.5 mg, a Schedule IV drug (Count 1); Adipex Phentermine 30 mg, a Schedule IV drug (Count 2); Phendimetrazine 105 mg, a Schedule III drug (Count 4); Diethylproprion 75 mg, a Schedule IV drug (Count 6); and Benzophetamine Hydrochloride 50 mg, a Schedule III drug (Count 7). Two other counts alleged violations of R.C. 2925.03(A)(2), under which no person shall "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or another person." Those counts involved the intended sale or resale of Phendimetrazine 35 mg, a Schedule III drug (Count 3) and Diethylproprion 25 mg, a Schedule IV drug (Count 5). Count 7 alleged sales at or over 5 times the bulk amount; all other counts alleged sales over 50 times the bulk amount. The state's crucial allegation, which is the focus of this appeal, was that appellants' activities were "not in accordance with Chapter 4729 of the Ohio Revised Code."

{¶ 4} Because appellants are in the business of wholesale distribution, they were necessarily involved in selling or offering to sell controlled substances, R.C. 2925.03(A)(1), and preparing to distribute or distributing controlled substances, R.C. 2925.03(A)(2). The allegation that appellants acted "not in accordance with Chapter 4729" is central to this appeal because R.C. 2925.03(A) does not apply to "[m]anufacturers, licensed health professionals authorized to prescribe drugs, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapter[] 4729 * * * of the Revised Code," R.C. 2925.03(B)(1).

**{¶ 5}** Therefore, in order for R.C. 2925.03(A)(1) and (2) to apply to appellants, they had to have acted not "in accordance with Chapter 4729," R.C. 2925.03(B)(1). The state did not pinpoint in the indictment how appellants had opened themselves up to criminal liability under R.C. 2925.03(A)(1) and (2) by failing to comply with Chapter 4729. It alleged only that appellants had failed to be "in accordance with Chapter 4729 of the Ohio Revised Code."

## B. Bill of particulars

**{¶ 6}** The state provided a bill of particulars to appellants, but it essentially rephrased the language of the indictment and contained no specifics regarding how appellants had failed to comply with R.C. Chapter 4729. Appellants moved for a more specific bill of particulars, arguing that the state had "fail[ed] to describe the nature of the offenses charged or the conduct of each [appellant] it believes constitute[d] a violation of Ohio law."

**{¶ 7}** On March 9, 2020, at the hearing on the motion for a more specific bill of particulars, appellants argued that the state had "not met its burden to provide a bill of particulars that properly informs each [appellant] of the nature of the crimes they're charged with, as well as the specific acts and instances that make up that criminal activity." The trial court asked the state what part of R.C. Chapter 4729 appellants had violated. The state referred to "the one that says that prescribers cannot give out more than 2,500 pills a month. That's the law in the State of Ohio." The state alleged that appellants were providing up to 30,000 pills a month to five doctors who were under investigation for overprescribing the drugs. R.C. 4729.291(C)(1)(a) does prohibit prescribers from furnishing to patients over 2,500 dosage units a month of a controlled substance—but it does not address the amount that wholesale distributors may furnish to its consumers. At the hearing, the state pledged to provide further information to appellants about the individual drug sales at issue. In April 2020, the state provided a breakdown of the drug sales from Martek to five doctors.

## C. Motion to dismiss

**{¶ 8}** Appellants filed a motion to dismiss the indictment on March 3, 2020. Among other arguments, they asserted that the state had violated their rights to notice of the accusations against them, a fair trial, and due process of law. They argued that they had the "right to be informed of the nature and cause of an accusation, including the elements of the offense charged."

**{¶ 9}** The court held a hearing on the motion on June 22, 2020. Again, the state had difficulty informing the court how appellants had failed to comply with R.C. Chapter 4729. The state represented that it would identify and make known to the court a statute that makes wholesale distributors responsible for abiding by R.C. Chapter 4729 and also the administrative rules and regulations related to that chapter of the Revised Code. But the state did not provide that statutory connection in its posthearing brief in opposition to the motion to dismiss.

**{¶ 10}** Instead, it pointed to R.C. 4729.26, a statute that enables the Board of Pharmacy to create rules. But that statute places no responsibility on wholesale distributors. The state also referred to R.C. 4729.56, which authorizes the Board of Pharmacy to impose on wholesale distributors civil sanctions relating to licensure and fines for failing to abide by any rule of the board. But that statute does not place any affirmative duty on wholesale distributors to abide by those rules. The state also cited R.C. 4729.10, which allows the Board of Pharmacy to adopt rules requiring "a licensee or registrant under [R.C. Chapter 4729] to report to the board a violation of state or federal law, including any rule adopted under [that] chapter." But that statute did not come into effect until after the period covered by the indictment. *See* 2017 Sub.S.B. No. 319. The state identified no statute in R.C. Chapter 4729 that appellants failed to act in accordance with during the relevant period.

### D. Trial court's entry

{¶ 11} On July 28, 2020, the trial court granted appellants' motion to dismiss, stating:

> The issue here is whether the state has provided to defendants the specific statute under Chapter 4729 that defendants have allegedly violated. That is not something that defendants should be surprised about at trial. It must be included in the indictment or in combination with the bill of particulars which has been requested on more than one occasion by defendants. The state has been unable to produce the applicable statutory authority, even when this court gave additional time after the hearing on the motion to dismiss the indictment to supplement the record with the statutory provisions defendants allegedly violated and that are applicable to defendants.
>
> The court finds that the state's failure to provide defendants with sufficient notice of the charges violates defendants' constitutional right to due process.
>
> For the foregoing reason, case is dismissed with prejudice.

### E. Appeal to the Eighth District

{¶ 12} The state appealed as of right under R.C. 2945.67. A split panel of the Eighth District reversed the decision of the trial court, holding that "[t]he allegations in this case constitute an offense under Ohio law." 2021-Ohio-2678, 176 N.E.3d 1160, ¶ 10. The court of appeals stated that the indictment recited the language of R.C. 2925.03(A) and (B) and that that is generally "sufficient to survive a motion to dismiss a criminal indictment." *Id*. at ¶ 12. The court noted that "there is no constitutional mandate that the state present the specific provisions implicated

by the predicate element under R.C. 2925.03(B) within the indictment itself." *Id.* at ¶ 12. Instead, the state must allege "the exception to application of the drug-trafficking statute under R.C. 2925.03(B)" in general terms and prove it at trial.

{¶ 13} The Eighth District noted that the state's failure to provide specificity within the bill of particulars is not generally grounds for dismissal. In order to prevail on a motion to dismiss for lack of specificity in the bill of particulars, appellants were required to show prejudice—i.e., that the lack of specificity kept them from preparing and presenting a defense. *Id.* at ¶ 15. The court stated: "Until trial, it is purely speculation as to whether the defendants would be prejudiced by the alleged lack of specificity in the bill of particulars." *Id.*

{¶ 14} The appellate court opined that, to prove appellants' noncompliance with wholesale distributors' reporting requirements under R.C. Chapter 4729, the state would attempt to show at trial that appellants failed to report their sales of Schedule III, IV, and V drugs to the Board of Pharmacy. The Eighth District concluded that "the state provided [appellants] the level of detail necessary to provide sufficient notice of the illegal conduct to be proven at trial." *Id.* at ¶ 22.

{¶ 15} One judge, dissenting in part, concentrated on the shifting theories of the state:

> The defendants should not be expected to defend against an entire chapter of the Revised Code and all of the administrative code regulations promulgated thereto. The state presumably knows what code section or regulation it presented to the grand jury as evidence of the defendants' alleged violation of R.C. Chapter 4729, but it did not provide that information in a "to wit" clause in the indictment, and when given an opportunity to provide the information in a more specific bill of particulars, it again did not do so. The only logical question is "why not"? The idea, as posited by the majority, that a

defendant facing a felony charge may be denied the ability to defend against the specific allegations against him because the state complied with some other procedural burden (here, discovery) cannot be squared with the Ohio Constitution's guarantee of due process.

2021-Ohio-2678 at ¶ 30 (Keough, J., concurring in part and dissenting in part).

{¶ 16} This court accepted jurisdiction over appellants' discretionary appeal. Appellants raise two propositions of law:

Proposition of Law I: The Ohio and United States Constitutions require notice of the statute that a wholesale distributor allegedly violated to lose its exemption from drug trafficking laws in order for the State to charge the distributor with drug trafficking.

Proposition of Law II: For a wholesale distributor to lose its exemption from drug trafficking laws, its conduct must violate a statute in Chapter 4729 of the [Revised Code].

*See* 165 Ohio St.3d 1477, 2021-Ohio-4289, 177 N.E.3d 993.

## II. LAW AND ANALYSIS

### A. Standard of review

{¶ 17} Generally, this court reviews a trial court's decision on a motion to dismiss an indictment for abuse of discretion. *State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7. But appellants raise a question of law—whether the state failed to provide notice of the charges against them in violation of the Due Process Clauses of the Ohio and United States Constitutions—so we

review the trial court's decision de novo. *See State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 13.

### B. The role of R.C. Chapter 4729 in drug-trafficking cases

{¶ 18} For those involved in the wholesale drug industry, R.C. Chapter 4729 and the other statutory chapters listed in R.C. 2925.03(B)(1) define the line between legally engaging in business and regularly committing felonies. R.C. 2925.03(B)(1) states that the offenses set forth in R.C. 2925.03(A) for selling and distributing controlled substances are excepted from prosecution if the person or company committing those acts complies with R.C. Chapter 4729, as well as R.C. Chapters 3719, 4715, 4723, 4730, 4731, and 4741. Therefore, a wholesale distributor that fails to comply with R.C. Chapter 4729 may face serious consequences. Compliance with R.C. Chapter 4729 keeps the business activity legal. But noncompliance with R.C. Chapter 4729 can be the basis of a drug-trafficking charge under R.C. 2925.03(A).

{¶ 19} If the wholesale distributor fails to meet the requirements of R.C. Chapter 4729, it exposes itself to criminal liability. In *State v. Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792, 904 N.E.2d 512, this court considered whether the exemptions from liability contained in R.C. 2925.03(B)(1) are an affirmative defense or an element of the crime of trafficking in drugs under R.C. 2925.03(A). That is, did the state have to prove that the exemption did not apply, or did the defendant have to prove that an exemption did apply? *Nucklos* involved a physician who was prescribing drugs for chronic pain, allegedly in violation of R.C. Chapter 4731. This court held:

> The state cannot convict a licensed health professional of trafficking in drugs under R.C. 2925.03(A) *unless* the licensed health professional has failed to comply with applicable statutory or regulatory requirements. R.C. 2925.03(B)(1). Proving

noncompliance is therefore necessary to prove the offense of drug trafficking when a licensed health professional is charged. * * * [A] licensed health professional's failure to comply with statutory or regulatory requirements is an element of the offense of drug trafficking that the state must prove beyond a reasonable doubt.

(Emphasis sic.) *Nucklos* at ¶ 21.

{¶ 20} Therefore, the state must prove in this case that appellants' conduct was not in accordance with R.C. Chapter 4729. The issue here is whether the state was required to provide notice to appellants of *why* they had lost their exempt status under R.C. Chapter 4729, leading to their prosecution for drug trafficking. In other words, can the state plead an essential element of its case by citing a chapter of the Ohio Revised Code, rather than a specific statute? We hold that under the facts presented here, it cannot, and we determine that a criminal charge against a wholesale distributor for failing to act in accordance with R.C. Chapter 4729 does not provide adequate notice to that wholesale distributor of its having violated R.C. 2925.03(A)(1) and (2). Here, the state's citation to a chapter of the Revised Code failed to provide appellants with notice of the nature and causes of the charges against them as required by the Due Process Clauses of the Ohio and United States Constitutions.

### C. The requirements of an indictment

{¶ 21} Under Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution, a person accused of a felony is entitled to an indictment setting forth the "nature and cause of the accusation." This serves two purposes. First, "[b]y compelling the government to aver all material facts constituting the essential elements of an offense, an accused is afforded with adequate notice and an opportunity to defend." *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985). Second, "[a]n indictment, by identifying and

defining the offense, also enables an accused to protect himself from any future prosecutions for the same offense." *Id*. We are concerned in this case with the first purpose, the state's duty to provide adequate notice and an opportunity to defend.

{¶ 22} "An indictment meets constitutional requirements if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' " *State v. Childs*, 88 Ohio St.3d 558, 564-565, 728 N.E.2d 379 (2000), quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

{¶ 23} Crim.R. 7(B) sets forth the following requirements for an indictment:

> The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.

{¶ 24} This court has held that generally,

> an indictment that tracks the language of the charged offense and identifies a predicate offense by reference to the statute number need not also include each element of the predicate offense in the indictment. The state's failure to list the elements of a predicate offense in the indictment in no way prevents the accused from receiving adequate notice of the charges against him.

*State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 11. In *Buehner*, this court held that an indictment's reference to the statute number of a predicate offense provides sufficient notice to a defendant.

{¶ 25} The state may amend an indictment to provide the necessary information. "Under Crim.R. 7(D), a court may amend an indictment 'at any time' if the amendment does not change 'the name or identity of the crime charged.' " *State v. Davis,* 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 1. "As long as the state complies with Crim.R. 7(D), it may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged." *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, 926 N.E.2d 611, ¶ 15. "Courts cannot grant new trials based upon imperfection or inaccuracy in an indictment if the charge is sufficient to fairly and reasonably inform the defendant of the essential elements of the crime." *State v. Landrum*, 53 Ohio St.3d 107, 119, 559 N.E.2d 710 (1990), citing Crim.R. 33(E)(1).

### D. The purpose of a bill of particulars

{¶ 26} The state did provide a bill of particulars to appellants in this case. "A bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *Sellards*, 17 Ohio St.3d at 171, 478 N.E.2d 781. A bill of particulars can put a defendant on notice of the charges he or she faces. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 32. "[W]hen the indictment sufficiently tracks the wording of the statute of the charged offense, the omission of an underlying offense in the indictment can be remedied by identifying the underlying offense in the bill of particulars." *Buehner* at ¶ 10, citing *Skatzes* at ¶ 30. "A bill of particulars * * * is appropriately supplied where the indictment, although legally sufficient in describing the elements of the charged offense, is so general in nature that the accused is not given a fair and reasonable opportunity to prepare his defense." *State v. Gingell*, 7 Ohio App.3d 364, 367, 455 N.E.2d 1066 (1st Dist.1982).

12

### E. The indictment failed to notify appellants of the charges against them

{¶ 27} The state had ample opportunity to amend the indictment against appellants. The indictment let appellants know the drug-trafficking laws they were accused of violating, R.C. 2925.03(A)(1) and (2), but it did not inform them of what they had done to render themselves noncompliant with R.C. Chapter 4729. That is an element that is essential for the state to prove. *See Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792, 904 N.E.2d 512, at ¶ 21.

{¶ 28} The indictment told appellants only that they had acted in contravention of R.C. Chapter 4729. There are dozens of sections in R.C. Chapter 4729. In *Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 11, this court held that the indictment need not do more than list the statutory number of a predicate offense. Here, the state did not meet even that minimal standard. Not only did the state not list the elements of the offense in regard to appellants' alleged failure to act in accordance with R.C. Chapter 4729, but it also did not state what the appellants' offense *was*. It provided no statute number. And "[f]ailure to allow a defendant to know what [is] necessary for his defense [is] reversible error." *State v. Jester*, 32 Ohio St.3d 147, 149, 512 N.E.2d 962 (1987), citing *State v. Fowler*, 174 Ohio St. 362, 189 N.E.2d 133 (1963).

{¶ 29} This case presents a question similar to the one we addressed in *State v. Childs*, 88 Ohio St.3d 194, 197, 724 N.E.2d 781 (2000). In that case, the state alleged that Childs had engaged in a conspiracy to commit aggravated trafficking. For a conspiracy charge, the state must prove that " 'subsequent to each defendant's entrance into said conspiracy, *a substantial overt act was done by each defendant* or a person with whom they conspired; contrary to the form of the statute.' " (Emphasis added.) *Id.*, citing former R.C. 2923.01(B).

{¶ 30} Although the indictment alleged that "a substantial overt act was done by each defendant or a person with whom they conspired," it did not specifically detail any overt act done in furtherance of the conspiracy. *Id.* at 197-

198. Instead, the phrase "a substantial overt act was done" merely recited the generic words of the statute. *Id.* at 198. This court found the indictment in *Childs* was "fatally defective" because the state needed to "allege some specific, substantial, overt act performed in furtherance of the conspiracy." *Id.* at 197.

{¶ 31} Likewise here, the state accused appellants of acting "not in accordance with Chapter 4729"—a nonspecific reference to a lengthy statutory chapter. It failed to notify appellants what they had done to be noncomplaint with R.C. Chapter 4729. This court has stated that "inexactitude * * * may * * * prove fatal to prosecution. Such would be the case if the absence of specifics truly prejudices the accused's ability to fairly defend himself." (Emphasis deleted.) *Sellards*, 17 Ohio St.3d at 172, 478 N.E.2d 781.

{¶ 32} The burden was on the state to prove that the exception from criminal liability in R.C. 2925.03(B)(1) was inapplicable. But since the state did not or could not identify a statute that appellants had violated in R.C. Chapter 4729, appellants were left to defend against that entire chapter of the Revised Code.

{¶ 33} Although the omission of an underlying offense in an indictment can be remedied by identifying the underlying offense in the bill of particulars, that did not occur in this case. Neither the bill of particulars nor the limited amount of discovery provided information about which provision of R.C. Chapter 4729 appellants failed to act in accordance with. The state produced a list of the dangerous drugs appellants had sold and to whom, but it did not produce anything that was responsive to appellants' requests for clarification regarding their alleged failure to act in accordance with R.C. Chapter 4729.

{¶ 34} Further, the state's failure to identify how appellants failed to act in accordance with R.C. Chapter 4729 prejudiced appellants in their ability to mount a defense. The lack of specificity in the indictment and in the bill of particulars allowed the state to continue to explore new theories of potential violations once others had not panned out. The state theorized at the hearing on appellants' motion

for a more detailed bill of particulars that appellants had failed to act in accordance with R.C. Chapter 4729 by violating R.C. 4729.291 by selling dangerous drugs to doctors beyond the amount that those doctors could legally prescribe. But the state was forced to admit that R.C. 4729.291 applies to prescribers, not wholesale distributors.

{¶ 35} At the hearing on the motion to dismiss, the state argued that appellants had the duty to report suspicious purchases under Ohio Adm.Code 4729:6-3-05. But the regulation cited by the state at the hearing did not take effect until after the period of alleged trafficking by the appellants had ended. *See* 2018-2019 Ohio Monthly Record 2-1839, effective Mar. 1, 2019. Further, the state represented to the trial court that it would provide the court with a statute stating that wholesale distributors violate R.C. Chapter 4729 when they fail to abide by administrative rules promulgated in connection with that chapter. But no statute or case law in support of that representation appeared in the state's posthearing brief.

{¶ 36} Instead, in its posthearing brief, the state cited R.C. 4729.10, which empowers the Board of Pharmacy to adopt rules requiring "a licensee or registrant under this chapter to report to the [Board of Pharmacy] a violation of state or federal law, including any rule adopted under this chapter." But that statute also did not come into effect until after the period covered in the indictment. *See* 2017 Sub.S.B. No. 319. The state also referred to R.C. 4729.26, a statute that enables the Board of Pharmacy to create rules but places no affirmative duty on wholesale distributors. None of the other statutes cited by the state in its posthearing brief established the state's contention that wholesale distributors violate R.C. Chapter 4729 when they contravene administrative rules promulgated in connection with that chapter.

{¶ 37} "Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court * * * as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury." *State v. Headley*, 6 Ohio St.3d 478,

478-479, citing *Harris v. State*, 125 Ohio St. 257, 264, 181 N.E. 104 (1932); *State v. Wozniak*, 172 Ohio St. 517, 520, 178 N.E.2d 800 (1961); s*ee also* Article I, Section 10, Ohio Constitution. The indictment in this case let appellants know they were accused of violating a drug-trafficking statute, which would be a crime for appellants only if they had become noncompliant with R.C. Chapter 4729.

{¶ 38} The state did not notify appellants of what they had done to become noncompliant with Chapter 4729. As a result, appellants lacked information regarding the "nature and cause of the accusation" against them. They were therefore prejudiced by the lack of specificity in the indictment and the failure of the bill of particulars to provide any further information about the charges brought against them.

## F. Dismissal with or without prejudice

{¶ 39} "Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice." *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 16. Therefore, regardless of whether dismissal of the indictment at issue here was made with or without prejudice, this court has jurisdiction to consider this appeal.

{¶ 40} Here, the trial court erred when it dismissed the indictment with prejudice. "It has been held that 'since neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal * * * with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution.' " *State v. Mills*, 11th Dist. Trumbull Nos. 2020-T-0046 and 2020-T-0047, 2021-Ohio-2722, ¶ 6, quoting *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13; *see also State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th Dist.1979). Although appellants' constitutional rights are involved here, the state could reindict appellants and further prosecution would not be barred. Dismissals with prejudice are more appropriate for cases involving the

deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings. *See State v. Michailides*, 2018-Ohio-2399, 114 N.E.3d 382, ¶ 37 (8th Dist.); *State v. Dunn*, 8th Dist. Cuyahoga No. 101648, 2015-Ohio-3138, ¶ 22.

### III. CONCLUSION

**{¶ 41}** " 'No door, however remote and uncertain, ought to be closed to an accused engaged in the task of preparing a defense to a criminal charge. Clearly it is wisest to err on the side of openness and disclosure.' " *Sellards*, 17 Ohio St.3d at 171, 478 N.E.2d 781, quoting *Gingell*, 7 Ohio App.3d at 368, 455 N.E.2d 1066.

**{¶ 42}** "The exercise of good faith on the part of the prosecution is essential in maintaining public trust and confidence in the integrity of our criminal justice system. Adherence to the above-stated rule will insure that no constitutional right of an accused to due process or a fair trial will be transgressed." *Id.* at 171-172.

**{¶ 43}** The Due Process Clauses of the Ohio and United States Constitutions require a felony indictment to set forth the "nature and cause of the accusation." In a drug-trafficking case against a wholesale distributor under R.C. 2925.03(A)(1) and (2), the state must prove that the wholesale distributor has failed to act in accordance with R.C. Chapter 4729. To adequately set forth the nature and cause of the accusation, the state must notify the wholesale distributor of the specific section or sections in R.C. Chapter 4729 that the wholesale distributor has failed to act in accordance with.

**{¶ 44}** Because the state failed to identify the nature and cause of the accusation against appellants in these cases, the indictment must be dismissed without prejudice. We therefore reverse the judgment of the Eighth District Court of Appeals, and we remand the matters to the trial court with instructions that it vacate its dismissal with prejudice and enter a dismissal without prejudice.

Judgment reversed
and causes remanded.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Michael O'Malley, Cuyahoga County Prosecuting Attorney, and James A. Gutierrez, Katherine Mullin, and Daniel T. Van, Assistant Prosecuting Attorneys, for appellee.

Taft, Stettinius & Hollister, L.L.P., Charles A. Bowers, Aaron M. Herzig, William E. Braff, David H. Thomas, and Kathryn S. Wallrabenstein, for appellants Martek Pharmacal Company and Andrew Steck.

Brian Radigan, for appellant Nicholas Troisi.

Taft, Stettinius & Hollister, L.L.P., and John R. Mitchell, for appellant Jon Troisi.

Timothy Young, Ohio Public Defender, and Brooke M. Burns, Assistant Public Defender, urging reversal for amicus curiae, Office of the Public Defender.

_____