[Cite as *State v. Payne*, 2023-Ohio-1294.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 111693 |
| MILTON PAYNE, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 20, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660650-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora C. Bryan, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} The state of Ohio appeals the decision of the trial court dismissing the criminal case against Milton Payne with prejudice after the victim failed to appear for trial. For the following reasons, the decision of the trial court is reversed and the

matter remanded to the trial court to change the characterization of the dismissal to being without prejudice.

{¶ 2} Payne was indicted with one count of rape in violation of R.C. 2907.02(A)(2) (rape by force) but was unable to post the $2,500 cash bond. Through various delays caused by both sides and the pandemic, trial was set to commence approximately a year after Payne's arrest. On the day of trial, the victim failed to appear. In response to the state's request for another continuance, Payne sought a dismissal of the case under Crim.R. 48(B). The trial court agreed; however, the trial court dismissed the matter "with prejudice" over the state's objection.

{¶ 3} In support of that decision, the trial court stated:

> One of the things I'm a little bit concerned about is whether to dismiss it with or without prejudice. The reason why I am thinking of — here's what I don't want. I don't want because the alleged victim has two cases pending that she then comes and somehow she says I'm going to now testify or bring charges in this case to make things easier for herself in a different case. I'm kind of leery of that whole dynamic that could play out in the system.

Tr. 31:15-25. Accordingly, the trial court's rationale in support of the final dismissal rested with the court's belief that the victim could be leveraged by her own criminal proceedings, impacting the veracity of her testimony if any further prosecution of Payne occurred. The state timely appealed the dismissal entry but limited its discussion to whether the dismissal should have been without prejudice under Crim.R. 48(B).

{¶ 4} Under R.C. 2945.67(A), "the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice." *State v. Craig*, 116

Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 16. "A trial court's dismissal of an indictment is reviewed for an abuse of discretion." *State v. Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209, ¶ 7, citing *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 4, and *State v. Tankers*, 8th Dist. Cuyahoga Nos. 72398 and 72399, 1998 Ohio App. LEXIS 1724 (Apr. 23, 1998). Crim.R. 48, in general, does not provide authority or discretion to dismiss a criminal proceeding with prejudice unless "'there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution.'" *State v. Troisi*, Slip Opinion No. 2022-Ohio-3582, ¶ 40,[1]

---

[1] In *Troisi*, the Ohio Supreme Court concluded that the lack of specificity in the indictment and in the bill of particulars in a criminal prosecution under R.C. 2925.03(A)(1) and (2), which is a drug offense against wholesale distributors of controlled substances when those defendants have failed to comply with R.C. Chapter 4729, deprived the defendants of their constitutional right to notice of the illegal conduct. *Id.* In reaching this conclusion, the Ohio Supreme Court recognized that "the omission of an underlying offense in an indictment can be remedied by identifying the underlying offense in the bill of particulars" and the failure to provide information about the charges in the bill of particulars prejudiced the defendants. *Id.* at ¶ 33, 38.

Under prevailing precedent, however, the failure to identify the underlying predicate of the drug offense in the indictment cannot be cured through amendment of the indictment or through the bill of particulars. *State v. Headley*, 6 Ohio St.3d 475, 479, 453 N.E.2d 716 (1983). If the nature of the drug offense is not included in the indictment, the only remedy is to dismiss the action. *Headley* at 479. In *State v. Childs*, 88 Ohio St.3d 194, 198, 724 N.E.2d 781 (2000), after recognizing a bill of particulars supplied the necessary information forming the basis of the underlying crime alleged in the deficient indictment, the Ohio Supreme Court reiterated that a bill of particulars cannot cure a defective indictment because the bill of particulars is not "signed by the grand jury foreman." *Id.* at 198; *see also State v. Troisi,* 2021-Ohio-2678, 176 N.E.3d 1160, ¶ 27 (8th Dist.) (Keough, J., dissenting) (concluding that it was not clear whether the facts underlying the state's theory of the prosecution were the same as presented to the grand jury and, therefore, the indictment should have been dismissed).

quoting *State v. Mills*, 11th Dist. Trumbull Nos. 2020-T-0046 and 2020-T-0047, 2021-Ohio-2722, ¶ 6, *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13, and *State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th Dist.1979).

{¶ 5} It is not, however, enough to invoke any constitutional right in seeking a dismissal with prejudice. *See Triosi* at ¶ 40. The demarcation between a dismissal with and without prejudice rests with the constitutional prohibition against further prosecution. "Dismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings." *Id.*, citing *State v. Michailides*, 2018-Ohio-2399, 114 N.E.3d 382, ¶ 37 (8th Dist.), and *State v. Dunn*, 8th Dist. Cuyahoga No. 101648, 2015-Ohio-3138, ¶ 22.

{¶ 6} In this case, the trial court erred in dismissing the proceedings with prejudice based on the victim's failure to appear for trial. The decision dismissing the case with prejudice was not based on any statutory or constitutional right, and a victim's failure to appear at trial does not in and of itself justify the dismissal of a criminal action with prejudice. *See, e.g., State v. Steel*, 8th Dist. Cuyahoga No. 85076, 2005-Ohio-2623, ¶ 7 (victim's failure to appear at trial is not a basis to dismiss a criminal action with prejudice); *see also Walton*, 8th Dist. Cuyahoga No. 87347, 2006-ohio-4771; *State v. Knight*, 8th Dist. Cuyahoga No. 93649, 2010-Ohio-

---

In light of the conclusion reached in *Troisi*, concluding that a bill of particulars may include the underlying nature of the drug trafficking conduct in supplement of the indictment, it appears the law in Ohio has shifted away from *Headley* and *Childs*.

3873, ¶ 5; *State v. Johnson*, 8th Dist. Cuyahoga No. 87348, 2006-Ohio-4772, ¶ 5. Payne tacitly recognizes that the trial court's rationale diverges from prevailing authority, but he nonetheless attempts to demonstrate that the trial court reached the correct result. *See, e.g., Coldly v. Fuyao Glass Am., Inc.*, 2022-Ohio-1960, 191 N.E.3d 514, ¶ 74 (2d Dist.).

{¶ 7} According to Payne, his right to confront his accuser under the Sixth Amendment to the United States Constitution would be violated without a dismissal with prejudice. He quotes the dissenting opinion in *Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209, at ¶ 15 (Blackmon, J., dissenting), in support of his argument:

> It is clear that the trial court did not find the defendant's statutory right was violated, since it denied defendant's speedy trial violation. Nonetheless, defendant does have a constitutional right to confront witnesses against him. In this case, the primary witness was the accuser who the state failed to produce three times. In this situation, the trial court correctly exercised its discretion to dismiss the case with prejudice.

*Id.* It is undisputed, however, that a trial court lacks authority (and thus discretion) to dismiss a case with prejudice based upon a victim or other witnesses' failure to appear for trial under Crim.R. 48(B). As the Ohio Supreme Court recognized, even if an offender's constitutional rights are implicated by the reason for the underlying dismissal, so long as the state can reindict that offender and further prosecution would not be statutorily or constitutionally barred, the action must be dismissed without prejudice. *Troisi*, Slip Opinion No. 2022-Ohio-3582, at ¶ 40.

{¶ 8} A defendant's constitutional right to confront his accuser does not preclude further prosecution. Any rights guaranteed under the Sixth Amendment concern admissibility of evidence at trial. *See generally Michigan v. Bryant*, 562 U.S. 344, 355, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011); *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). A violation of the Confrontation Clause results in the extrinsic evidence being excluded for the purposes of trial; it does not preclude the state from proceeding with the prosecution itself. *See Davis* at 834. It is only if jeopardy irrevocably attaches to the trial proceeding itself, irrespective of the evidentiary issues, that subsequent prosecution would be in doubt. Thus, the argument presented in the dissenting opinion in *Strong*, and as relied upon by Payne, cannot be accepted as the basis to affirm the dismissal. Admissibility of evidence does not impact or invoke double-jeopardy principles. Payne's attempt to demonstrate the correctness of the trial court's decision, despite the erroneous rationale, is without merit. The state's sole assignment of error is sustained.

{¶ 9} The trial court erred by dismissing the criminal proceeding with prejudice based on a primary witness's failure to appear for trial. The decision of the trial court is reversed and the matter remanded to the trial court with instructions to vacate the dismissal *with* prejudice and enter the dismissal *without* prejudice.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY;
MARY EILEEN KILBANE, P.J., DISSENTS (WITH SEPARATE OPINION)

MARY EILEEN KILBANE, P.J., DISSENTING:

{¶ 10} I respectfully dissent from the lead opinion.

{¶ 11} Payne was first incarcerated on June 16, 2021. The matter was set for trial on four separate occasions. The alleged victim never appeared and had several pending criminal cases. The state admits to losing contact with the alleged victim. Payne sat in the Cuyahoga County Jail for more than one year. For these reasons, I would affirm the trial court.