[Cite as *State v. Booker*, 2023-Ohio-4216.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                                      No. 112578

    v.                            :

SHERITA BOOKER,                         :

    Defendant-Appellee.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 22, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-672696-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Owen Knapp, Assistant Prosecuting
Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Francis Cavallo, Assistant Public Defender, *for appellee*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant state of Ohio appeals the decision of the trial court to dismiss the case with prejudice. Upon review, we reverse the decision of the trial

court, and we remand with instructions for the trial court to vacate its dismissal with prejudice and to enter a dismissal without prejudice.

{¶ 2} On July 26, 2022, Booker was charged under a two-count indictment. Count 1 charged Booker with having weapons while under disability, a felony of the third degree in violation of "R.C 2923.13(A)(2)," and alleged that on or about May 28, 2022, Booker

> did knowingly acquire, have, carry, or use any firearm or dangerous ordnance and she was under indictment for or has been convicted of *any felony offense of violence*, to wit: the said Sherita Booker, on or about September 21, 2006, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR05 469018, having been indicted for or convicted of the crime of Drug Possession, in violation of Revised Code Section 2925.11 of the State of Ohio.

(Emphasis added.) Count 2 was for improper handling of firearms in a motor vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B). Each count included a specification for forfeiture of a weapon pursuant to R.C. 2941.1417(A). Booker entered a plea of not guilty to the charges.

{¶ 3} After the completion of discovery and several continuances, the case was called for a bench trial on March 13, 2023. At that time, the state made an oral motion to amend the indictment pursuant to Crim.R. 7. The state maintained that Count 1 had a "clerical error" in that it was "charged as having weapons under a disability under 2923.13(A)(2), stating that this was a felony of violence that has a prior * * * that we are using for that count" and it "cites a crime of drug possession as well as a case number." The state wished to "amend it to [R.C.] 2923.13(A)(3) because under (A)(2) we would need to prove that there was a felony of violence."

The state indicated that the journal entries for the drug offense would comply under (A)(3), and therefore sought to amend the indictment. Appellee objected to the state's request, which was being made on the day of trial, and argued that the state should have been aware of this much earlier and also that the bill of particulars did not set out this change.

{¶ 4} The trial court denied the state's request to amend the indictment. The trial court rejected the state's claim of a clerical error and stated that it sounded "like an error by an attorney who put in one section and then that section [did] not comply with the information below [it]" and that it appeared as though the attorney's secretary entered the information that she received.

{¶ 5} The state then requested both counts in the case be dismissed without prejudice, but appellee requested the case be dismissed with prejudice, arguing that the "case has been pending a long time." The state did not believe a dismissal with prejudice would be appropriate given that appellant was on notice of the offense charged in Count 1 and that the degree of the offense would not change. The state also requested that Count 2 be dismissed in order to avoid any type of double jeopardy issues since the charges arose from the same incident.

{¶ 6} Ultimately, the trial court dismissed the case with prejudice. The trial court expressed that "had the State of Ohio dismissed this case prior to the day of trial, then the dismissal without prejudice would not have been an issue. They could have done it on their own and that's that." However, the trial court's stated reason

for dismissing the case with prejudice was that "this is a little late to [dismiss] it without prejudice because this is the day of trial."

{¶ 7} The trial court proceeded to issue a journal entry that dismissed the case with prejudice. This appeal followed.

{¶ 8} Under its sole assignment of error, the state claims "[t]he trial court erred when it dismissed [the] case with prejudice in the absence of a statutory or constitutional violation that would bar further prosecution."[1]

{¶ 9} Initially, we are not persuaded by appellee's argument claiming the state failed to appeal the trial court's order denying the state's motion to dismiss without prejudice or to object to the dismissal of Count 2 with prejudice. The record clearly reflects that the parties disputed whether the case should be dismissed with or without prejudice. After the trial court denied the state's motion to amend the indictment, the state requested both counts be dismissed without prejudice, and appellee requested the case be dismissed with prejudice. As the state argues on appeal, "[i]nherent in the State's oral motion to dismiss the case without prejudice is the objection to a dismissal with prejudice." Moreover, the state filed its notice of appeal from the journal entry of the trial court that dismissed the case with prejudice, rather than without prejudice. "'Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice.'" *State v. Troisi*, 169 Ohio St.3d 514, 2022-Ohio-3582, 206 N.E.3d 695,

---

[1] We note that the state has not challenged the trial court's denial of its motion to amend the indictment.

¶ 39, quoting *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 16. Accordingly, we shall consider whether the trial court erred in dismissing the case with prejudice, rather than without prejudice.[2]

{¶ 10} Crim.R. 48 addresses dismissals in criminal cases and requires that if the court dismisses the indictment over the state's objection, the court shall "state on the record its findings of fact and reasons for the dismissal." Although Crim.R. 48 does not expressly indicate when a case may be dismissed with prejudice as opposed to without prejudice, "this court has repeatedly stated that a trial court may dismiss a case with prejudice only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would bar further prosecution." *State v. Nix*, 8th Dist. Cuyahoga No. 111803, 2023-Ohio-1143, ¶ 13, citing *State v. Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209, ¶ 9; *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 5; *see also State v. Payne*, 8th Dist. Cuyahoga No. 111693, 2023-Ohio-1294, ¶ 6-8. In *Troisi*, the Supreme Court of Ohio held that "[d]ismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings." *Id.* at ¶ 40, citing *State v. Michailides*, 2018-Ohio-2399, 114 N.E.3d 382, ¶ 37 (8th Dist.); *State v. Dunn*, 8th Dist. Cuyahoga No. 101648, 2015-Ohio-3138, ¶ 22.

---

[2] Insofar as appellee fails to address the central issue raised on appeal, this court is not obligated to create, nor should it sua sponte provide, legal arguments on behalf of parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19.

{¶ 11} The record reflects that appellee did not make any argument that there is a deprivation of her statutory or constitutional rights, the violation of which would bar further prosecution, and the trial court made no such finding. In requesting the case be dismissed with prejudice, appellee argued that "[t]his case has been pending a long time" and that "this is the third time it's been set for trial." The trial court's reason for dismissing the case with prejudice was that "this is a little late to do it without prejudice because this is the day of trial." Although we certainly do not condone the state's delay in this matter, the trial court erred by dismissing the case with prejudice.[3] *See State v. Johnson*, 8th Dist. Cuyahoga No. 87348, 2006-Ohio-4772, ¶ 3 (finding trial court erred in dismissing indictment with prejudice when there was no indication the court found any constitutional or statutory violation).

{¶ 12} Accordingly, we reverse the trial court's decision, and we remand the matter to the trial court with instructions to vacate its dismissal with prejudice and to enter a dismissal without prejudice.

{¶ 13} Judgment reversed, and case remanded with instructions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[3] The state also argues that its Crim.R. 7 motion to amend the indictment would not have changed the identity of the crime and that appellant was on notice that her prior drug conviction would be used as the underlying offense. We make no determination on those issues herein.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR