[Cite as *State v. Honeycutt*, 2024-Ohio-2507.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0013 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| STEVEN HONEYCUTT, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00146 |

**O P I N I O N**

Decided: June 28, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}  Appellant, Steven Honeycutt ("Mr. Honeycutt"), appeals from the judgment of the Ashtabula County Court of Common Pleas sentencing him to a prison term of 15 years to life following a jury trial in which he was found guilty of one count of rape involving a victim under ten years of age.

{¶2}  Mr. Honeycutt raises a single assignment of error, contending he received ineffective assistance of trial counsel.

{¶3}  After a careful review of the record and pertinent law, we find Mr. Honeycutt has failed to establish trial counsel's deficient performance or resulting prejudice.

Defense counsel's elicitation of other-acts testimony while cross-examining a state witness was part of his trial strategy to challenge her credibility. In addition, it is unlikely that defense counsel's timely objection to the date range alleged in the indictment would have been successful.

{¶4} Thus, Mr. Honeycutt's sole assignment of error is without merit, and we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} In 2020, S.B. was seven years old and lived with her mother in Conneaut, Ohio. Mr. Honeycutt and S.B's mother met while playing an online video game, and they began dating. Shortly thereafter, Mr. Honeycutt moved from Virginia into the Conneaut home. In 2021, Mr. Honeycutt and S.B.'s mother had a son together. During this period, S.B.'s mother worked outside the home, and Mr. Honeycutt stayed at home with the children.

{¶6} According to S.B., Mr. Honeycutt made her engage in sexual conduct with him on multiple occasions. At the end of 2022, Mr. Honeycutt and S.B.'s mother ended their relationship, and he moved out. S.B. told a friend that Mr. Honeycutt had sexually abused her, and the friend informed both her mother and S.B.'s mother. S.B.'s mother discussed the matter with S.B. and took her to the emergency room. An ambulance subsequently transported S.B. to a children's hospital in Cleveland, where a sexual assault nurse examiner ("SANE nurse") treated her.

{¶7} S.B.'s allegations against Mr. Honeycutt were reported to the Conneaut Police Department. Based on the information received, Dets. Lardi and Cleveland searched S.B.'s bedroom. They removed a piece of carpet that appeared to contain stains and sent it to the Ohio Bureau of Criminal Investigation ("BCI") for testing. Two

2

samples showed the presence of semen consistent with Mr. Honeycutt's DNA profile and non-semen consistent with S.B.'s DNA profile.

{¶8} In 2023, the Ashtabula County Grand Jury indicted Mr. Honeycutt on three counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) and (B). The state alleged that the offenses occurred on or about June 1, 2020, through December 19, 2022, and involved a victim who was less than ten years of age.

{¶9} Mr. Honeycutt appeared with counsel and entered not guilty pleas. He filed a motion to determine S.B.'s competency and for a mental and psychological examination. The trial court held an in-camera hearing, found S.B. was competent to testify, and overruled the request for a mental/psychological examination.

{¶10} The matter was tried to a jury. The state presented testimony from S.B.'s mother; S.B., who was ten years old at trial; S.B.'s friend, who was 13 years old at trial; the friend's mother; the SANE nurse; Dets. Lardi and Cleveland; and a forensic scientist from BCI.

{¶11} On cross-examination, S.B.'s friend admitted that she had smoked marijuana with Mr. Honeycutt. On one occasion, Mr. Honeycutt provided it; on another occasion, she stole it from her mother, who had a medical marijuana card. The friend also admitted to stealing money from her mother's purse that Mr. Honeycutt used to buy marijuana.

{¶12} The defense rested without presenting witnesses or evidence. Following the submission of exhibits, the state moved to amend the indictment pursuant to Crim.R. 7(D) to remove references to S.B. being six years old at the time of the alleged offenses because the trial evidence indicated she was older. The defense opposed the state's

3

motion. The trial court permitted the amendment, finding that it would not change the character of the alleged offenses or increase any of the possible penalties.

{¶13} Following deliberations, the jury found Mr. Honeycutt guilty of count one and not guilty of counts two and three.

{¶14} At the sentencing hearing, defense counsel orally moved for a mistrial based on the amendment of the indictment. Defense counsel contended that amending "[t]he dates involved" denied Mr. Honeycutt his right to file a notice of alibi. The state opposed the motion, stating that the date ranges were not amended. The trial court denied the motion.

{¶15} The trial court heard argument from counsel and a victim impact statement from S.B.'s mother and sentenced Mr. Honeycutt to a prison term of 15 years to life. Mr. Honeycutt appealed and raises the following sole assignment of error:

{¶16} "Steven Honeycutt received ineffective assistance of trial counsel who substantially underperformed in trial counsel's duty to Honeycutt that undermined the proper functioning of the adversarial process such that the trial cannot be relied on as having produced a just result."

**Standard of Review**

{¶17} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* In other words, "[t]he defendant must show that there is a reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### Other-Acts Testimony

{¶18} Mr. Honeycutt first argues that trial counsel was ineffective for eliciting other-acts testimony. In particular, Mr. Honeycutt objects to the testimony from S.B.'s friend during cross-examination indicating that he provided her with marijuana. According to Mr. Honeycutt, this would create the "obvious impression" in the jury's mind that he engaged in "grooming behaviors."

{¶19} "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). This court and others have recognized that the use of other-acts evidence to challenge a witness' credibility is a matter of trial strategy. *See, e.g., State v. Stalnaker*, 2005-Ohio-7042, ¶ 52 (11th Dist.); *State v. Fuller*, 1993 WL 437596, *9-10 (8th Dist. Oct. 28, 1993); *State v. C.D.S.*, 2021-Ohio-4492, ¶ 46 (10th Dist.); *State v. Bradshaw*, 2023-Ohio-1244, ¶ 41 (3d Dist.).

{¶20} Here, the friend testified that S.B. told her about Mr. Honeycutt's sexual abuse. Defense counsel, therefore, attempted to undermine the friend's credibility, and by implication, S.B.'s allegations. In addition to asking the friend about using marijuana with Mr. Honeycutt, defense counsel asked her about stealing money and marijuana from her mother, stealing alcohol from a store, and being suspended from school for smoking cigarettes. Defense counsel's elicitation of other-acts testimony was part of that trial

5

strategy. Accordingly, Mr. Honeycutt has failed to demonstrate trial counsel's deficient performance.

**{¶21}** Mr. Honeycutt also fails to demonstrate resulting prejudice. Since the jury found him not guilty of two additional counts of rape, the record suggests the jury's verdicts were not based on any impermissible other-acts evidence. *See Bradshaw* at ¶ 42; *State v. Gardner*, 2010-Ohio-6479, ¶ 33 (2d Dist.).

### Indictment

**{¶22}** Mr. Honeycutt next argues that trial counsel was ineffective for failing to timely object to the date range alleged in the indictment, i.e., that the offenses occurred on or about June 1, 2020, through December 19, 2022.

**{¶23}** Under the federal and Ohio Constitutions, "a person accused of a felony is entitled to an indictment setting forth the 'nature and cause of the accusation.'" *State v. Troisi*, 2022-Ohio-3582, ¶ 21. "'An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."'" *Id.* at ¶ 22, quoting *State v. Childs*, 88 Ohio St.3d 558, 564-565 (2000), quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974).

**{¶24}** Mr. Honeycutt contends that his indictment does not satisfy the foregoing requirements but cites no authority in support of his argument. By contrast, the Supreme Court of Ohio has held, "Ordinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges." *State v. Sellards*, 17 Ohio St.3d 169, 171 (1985).

6

{¶25} This court has further held that "[w]hen the victim is a child, '[a]n allowance for reasonableness and inexactitude must be made for such cases because many child victims are unable to remember exact dates and times * * *.'" *State v. Gomez*, 2017-Ohio-8146, ¶ 26 (11th Dist.), quoting *State v. Neal*, 2016-Ohio-64, ¶ 26-27 (4th Dist.). Therefore, an "indictment . . . using the words of the statute, the victim's initials, years of birth, and estimated time frame of the charges was sufficient to notify [the defendant] of the offenses to enable him to defend against the allegations and to protect himself from future prosecution for the same offense." *Id.* at ¶ 27.

{¶26} Since it is unlikely that defense counsel's timely objection to the indictment would have been successful, Mr. Honeycutt has failed to demonstrate deficient performance or resulting prejudice.

{¶27} Mr. Honeycutt's sole assignment of error is without merit.

{¶28} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-A-0013